NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3637
_____

BEVERLY MENTOR,
Appellant
v.
HILLSIDE BOARD OF EDUCATION
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 2-08-cv-01173
District Judge: The Honorable Dennis M. Cavanaugh
_____

Argued May 10, 2011

Before: SMITH, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed: May 23, 2011 )


Daniel P. Craig, Esq. (Argued)
Duquesne University School of Law
600 Forbes Avenue
Pittsburgh, PA 15282

Adrian N. Roe, Esq.
Suite 1331
707 Grant Street
Gulf Tower
Pittsburgh, PA 15219
*Counsel for Appellant*

Victoria A. Cabalar, Esq.
Howard B. Mankoff, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068-0000

Walter F. Kawalec, III, Esq. (Argued)
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East
Woodland Falls Corporate Park, Suite 300
Cherry Hill, NJ 08002

Stefani C. Schwartz, Esq.
Schwartz, Simon, Edelstein, Celso & Kessler
44 Whippany Road, Suite 210
P.O. Box 2355
Morristown, NJ 07960
*Counsel for Appellee*

_____

OPINION
_____

SMITH, *Circuit Judge.*

Beverly Mentor appeals from an order of the United States District Court for the District of New Jersey, which granted a motion by her former employer, Hillside Board of Education (Hillside), for summary judgment on her claims of racial discrimination in violation of Title VII. We exercise plenary review over a district court's grant of summary judgment. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 409 (3d Cir. 1999). We will affirm.

Hillside's Calvin Coolidge Elementary School principal, Dr. Ellen Decker, hired Mentor, an African-American woman, as a part-time cafeteria aide in November of 2003.

2

Although Mentor was authorized to work two hours per day in this position, her hours subsequently exceeded 20 hours per week as she also worked as a breakfast and bus aide. During the 2005-2006 school year, Dr. Decker died. Her position was filled by Dr. Frank Deo and Ms. Grace Conway. Before the end of the school year, both administrators had concerns as to whether Mentor, whose daughter was in the third grade at the school, should continue as a cafeteria aide at Calvin Coolidge. This concern arose because, *inter alia*, Mentor, while working as a bus aide, confronted the parent of a student who allegedly bullied Mentor's daughter in class. This resulted in a complaint from the parent. After addressing the parent's complaint, Ms. Conway explained to Mentor that she was not entitled, as a bus aide, to address with other parents her concerns about a student's in-class behavior.

In order to avoid future confrontations of this nature, Dr. Deo and Ms. Conway proposed transferring Mentor to another school where Mentor could not interact with her daughter or with other Calvin Coolidge students and parents. The Board of Education approved the transfer. In the 2006-2007 school year, Mentor was assigned as a cafeteria aide at Hurden Looker Elementary School. Near the end of the school year, faced with fiscal cuts for the next school year, the administration at Hurden Looker reduced the number of aides to be employed for the following year. Because Mentor was the last aide assigned to the school, her position was terminated.

Mentor filed several charges with the Equal Employment Opportunity Commission (EEOC), alleging racial discrimination. On February 1, 2008, the EEOC

3

terminated the administrative processing of Mentor's claims and provided her with right to sue letters. The following month, Mentor, proceeding pro se, filed a complaint alleging that Hillside had violated Title VII by discriminating against her on the basis of her race. Mentor requested an appointment of counsel. Hillside moved for summary judgment. In a memorandum filed August 5, 2009, the District Court construed Mentor's complaint as raising claims of racial discrimination and retaliation under Title VII. It granted Hillside's motion for summary judgment on both of her claims and denied Mentor's request for appointed counsel.

This timely appeal followed.[1] Thereafter, pro bono counsel was appointed.[2] Mentor submits that the District Court erred in granting summary judgment on her Title VII claim because she established a prima facie case of race discrimination and she rebutted Hillside's proffered legitimate non-discriminatory reason for reducing her hours and transferring her to the Hurden Looker school.[3] We agree with Mentor that she established a prima facie case of racial discrimination. *See Jones*, 198 F.3d at 411-12. But because Hillside proffered legitimate, nondiscriminatory reasons for reducing Mentor's hours and transferring her to the Hurden Looker school, Mentor was obligated

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We exercise appellate jurisdiction under 28 U.S.C. § 1291.

[2] We thank pro bono counsel for representing Mentor on appeal.

[3] Mentor has not challenged the District Court's grant of summary judgment on her Title VII retaliation claim. The issue is therefore waived. *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not

4

to show that these reasons were pretextual. *See Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). Our review of the record fails to reveal any evidence that discredits Hillside's explanation that Mentor's hours were reduced consistent with the nature of her part-time position as a cafeteria aide and because of budgetary restraints.

As to Mentor's transfer to the Hurden Looker school, she contends that Hillside's reason is unworthy of belief because other non-African-American employees raised concerns about their children with the administration but were not transferred. Presuming that to be true (although the record before us does not support it), this allegation does not cast doubt on Hillside's proffered explanation. First, Mentor's transfer was not based on the fact that she voiced to the administration her private concern about her daughter being bullied in class by another student. That concern was promptly addressed by Ms. Conway, who spoke with the teacher and Dr. Deo. Mentor acknowledged during her deposition that, after the teacher got involved, her daughter stopped complaining about the other student. Rather, Mentor was transferred because, despite the school's intervention and remediation of the bullying issue, Mentor confronted the parent of the alleged bully. Mentor's status as a bus aide did not grant her authority to address issues concerning in-class behavior with parents. Because Mentor took the bullying issue into her own hands in her capacity as an employee, she was not similarly situated to the other employees who brought concerns to the administration. We conclude that Mentor has not demonstrated that Hillside's proffered reason was

suffice to bring that issue before this court.'").

pretextual. Accordingly, we will not disturb the District Court's grant of summary judgment for Hillside on Mentor's Title VII discrimination claim.

In our order appointing counsel, we requested that counsel address whether the District Court abused its discretion in denying Mentor's motion to appoint counsel. The District Court focused on the analysis set out in *Tabron v. Grace*, 6 F.3d 147, 155-158 (3d Cir. 1993). This was error. Mentor sought counsel to assist her in prosecuting her Title VII claims, and Title VII contains its own provision regarding appointed counsel. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Ficken v. Alvarez*, 146 F.3d 978, 979-80 (D.C. Cir. 1998) (enumerating test to apply in ruling on a motion for counsel under § 2000e-5(f)(1)). This error does not require reversal and remand, however. Regardless of whether we review the District Court's order under *Tabron* or § 2000e-5(f)(1), Mentor must show as a threshold matter that her claim had merit. *Tabron*, 6 F.3d at 155; *Ficken*, 146 F.3d at 980. As the foregoing discussion demonstrates, Mentor cannot satisfy this requirement.

Mentor contends, however, that the District Court erred in denying her motion for the appointment of counsel because it failed to recognize that she had a meritorious First Amendment retaliation claim.[4] According to Mentor, her hours were reduced and she was transferred to Hurden Looker because of her private complaint about her daughter

---

[4] Mentor also asserts that her right to due process was violated because the District Court provided her with a form complaint for discrimination under Title VII, which "rendered her incapable of drafting a complaint" asserting her claim for retaliation in violation of her First Amendment rights. This novel argument does not warrant relief here as Mentor has had a meaningful opportunity to be heard.

6

being bullied and her persistence in requesting the bully's transfer to another classroom. Mentor did not raise this claim below. "This court has consistently held that it will not consider issues that are raised for the first time on appeal." *Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994).[5]

We will affirm the judgment of the District Court.

---

[5] We have relaxed this practice "where a gross miscarriage of justice would occur[.]" *Newark Morning Ledger Co. v. United States*, 539 F.2d 929, 932 (3d Cir. 1976) (citing *Hormel v. Helvering*, 312 U.S. 552 (1940)). We are not persuaded that a gross miscarriage of justice would result here.